**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000530
30-SEP-2015
09:07 AM**

NO. CAAP-14-0000530

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ERNEST LUTHER ROBERTS, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 10-1-0089; CR. NO. 07-1-1245)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

Petitioner-Appellant Earnest Luther Roberts was convicted by a jury of Electronic Enticement of a Child in the First Degree, in violation of Hawaii Revised Statutes ("HRS") § 707-756 (Supp. 2007). Roberts appealed, contending that there was insufficient evidence to convict him, that the trial court lacked jurisdiction, and that the trial court abused its discretion in sentencing him to a 10-year open prison term (the "direct appeal"). This court affirmed. *State v. Roberts*, No. 28993, 2010 WL 76359 (Haw. Ct. App. Jan. 11, 2010).

Thereafter, Roberts filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody ("Petition") pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure ("HRPP") in the Circuit Court of the First Circuit ("Circuit Court").[1] The Circuit Court denied the Petition without a hearing. Roberts now appeals from that denial.

In this appeal, Roberts reasserts several of the arguments made in the Petition. Specifically, Roberts asserts that he was denied effective assistance of counsel on his direct appeal because appellate counsel failed to: (1) file a reply

---

[1] The Honorable Steven S. Alm presided.

brief; (2) state or argue that the Respondent-Appellee State of Hawai'i committed specific constitutional violations, including Roberts' contention that HRS § 707-756 was void for vagueness as applied; and (3) follow Roberts' directions or provide him with an opportunity to review the opening brief before counsel filed it.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance, the issues they raise, and the relevant statutory and case law, we resolve Roberts' points of error as follows, and affirm:

(1) Roberts asserts that his appellate counsel was ineffective because counsel failed to file a reply brief on direct appeal. A reply brief, however, is not compulsory. Haw. R. App. P. 28(d). ("[T]he appellant *may* file a reply brief." (emphasis added)). Roberts contends that counsel's decision to not file a reply brief amounted to a failure to "correct specific errors of fact still in dispute." We disagree.

Roberts fails to clearly identify the "errors of fact" to which he refers. Rather, Roberts points us to Exhibits A-D[2] but does not explain what the aforementioned errors are, whether they were addressed in the opening or answering briefs, or how the failure to address them in a reply brief "resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." *State v. Hussein*, 122 Hawai'i 495, 510, 229 P.3d 313, 328 (2010) (quoting *State v. Antone*, 62 Haw. 346, 349, 615 P.2d 101, 104 (1980)). Because Roberts presents no colorable argument on this point, it is without merit. *Kakinami*

---

[2]    Exhibit A appears to be an introductory letter from Roberts to his appellate counsel, dated March 3, 2009, well before the opening brief was filed in the direct appeal. The exhibit appears to consist of five pages, four of which, however, are missing from the record on appeal. As such, it is difficult to discern what Roberts intends to argue by his reference to Exhibit A. Exhibits B-D each post-date this court's decision in the underlying appeal, and reflect questions posed by Roberts with regard to counsel's adopted appellate strategy. That counsel did not share Roberts' opinion about the strength of various arguments is not necessarily reflective of counsel's ineffectiveness. As the U.S. Supreme Court has noted, "[t]his process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)).

*v. Kakinami*, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) ("[The] court may 'disregard a particular contention if the appellant makes no discernible argument in support of that position[.]'" (quoting *In re Guardianship of Carlsmith*, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007))).

(2) Roberts next asserts that appellate counsel was ineffective for failing to "federalize" his arguments by "stating the specific Constitutional Amendment Violated[.]" Based on his supporting arguments, we understand Roberts to contend that: (a) there was insufficient evidence to support his conviction, and (b) HRS § 707-756 was too broadly applied to him and, as such, was unconstitutionally vague as applied in this case.

(a) In our review of Roberts' direct appeal, this court affirmed the trial court's application of HRS § 707-756 and concluded that there was sufficient evidence to support the jury's finding that the "meeting place" in Roberts' case was the Humane Society in general, and that Roberts "had intended to or knew he had traveled to the agreed upon meeting place." *Roberts*, 2010 WL 76359 at *1. As such, Roberts' claims on this point have been previously ruled upon, and are not properly the subject of a HRPP Rule 40 Petition. *See* Haw. R. App. P. 40(a)(3) ("Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived.").

(b) HRS § 707-756 is not unconstitutionally overbroad or vague on its face. Indeed, the Hawai'i Supreme Court has ruled on that question. *State v. Alangcas*, 134 Hawai'i 515, 345 P.3d 181 (2015) (holding that enticement statute was not generally or facially overbroad and was not rendered impermissibly vague by its reference to state's sex offender registration law that defined "covered offenses" in a catch-all clause). Moreover, Roberts concedes that the portion of HRS § 707-756 that proscribes "travel[] to the agreed upon meeting place at the agreed upon meeting time" does not appear to be vague. Instead, Roberts contends that the statute was made vague by its application to him when he did not go directly to the Humane Society bench (which he contends was to be the "meeting

3

place"), but instead parked his vehicle across the street from where he could observe the bench.

That issue, although not couched in terms of "void for vagueness" or "overbreadth," was addressed in our earlier decision on the direct appeal. There, we concluded that the fact "[t]hat [Roberts] did not go to the benches fronting the Humane Society building is of little consequence; the record clearly shows that he had agreed to meet the 'minor' at the Humane Society in general." *Roberts*, 2010 WL 76359 at *1. Roberts advances no other arguments on this point, so it is, therefore, without merit. *Kakinami*, 127 Hawaiʻi at 144 n.16, 276 P.3d at 713 n.16 (citations omitted).

(3) Finally, Roberts asserts that appellate counsel's failure to raise certain arguments, despite Roberts' repeated requests and instruction to do so, demonstrates that counsel was ineffective. Roberts cites *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) in support of his claim, but that case addressed the question of whether counsel was ineffective for failing to file a notice of appeal. *Id.* at 470. Here, however, a notice of appeal was clearly filed.

Indeed, appellate counsel's alleged "errors" are more closely akin to strategic decisions ordinarily left to counsel's discretion. *See, e.g.*, *State v. Metcalfe*, 129 Hawaiʻi 206, 237-38, 297 P.3d 1062, 1093-94 (2013) (citing *Briones v. State*, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993)). "An informed tactical decision [by counsel] will rarely be second-guessed by judicial hindsight." *Briones*, 74 Haw. at 463, 848 P.2d 966, 977 (citing *State v. McNulty*, 60 Haw. 259, 270, 588 P.2d 438, 446 (1978)). Roberts has failed to show that these purported errors or omissions "reflect[] counsel's lack of skill, judgment or diligence[.]" *Metcalfe*, 129 Hawaiʻi at 222-23, 297 P.3d at 1078-79 (quoting *State v. Wakisaka*, 102 Hawaiʻi 504, 513-14, 78 P.3d 317, 326-27 (2003)). Most importantly, Roberts has not shown that these errors or omissions "resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." *Hussein*, 122 Hawaiʻi at 510, 229 P.3d at 328 (quoting *Antone*, 62 Haw. at 349, 615 P.2d at 104). As such, Roberts

presents no colorable claim that warrants relief under HRPP Rule 40, and the Circuit Court was not wrong to deny the Petition without a hearing. *See* Haw. R. Pen. P. 40(f) & (g)(2).

Therefore, the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing, filed on January 23, 2014, in the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, September 30, 2015.

On the briefs:

Ernest Luther Roberts
Pro Se Petitioner-Appellant.

Albert Cook,
Deputy Attorney General,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge